# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                  Case No. 23-CR-212-MV

DAROLD ZUNIEFEATHERS,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Darold Zuniefeathers' Motion to Dismiss Indictment. Doc. 15. The government filed a response [Doc. 20] and Mr. Zuniefeathers filed a reply [Doc. 22]. Having considered the briefs, relevant law, and being otherwise fully informed, the Court finds that Mr. Zuniefeathers' Motion to Dismiss [Doc. 15] is without merit and will be **DENIED**.

## BACKGROUND

Mr. Zuniefeathers is charged with one count of Assault Resulting in Serious Bodily Injury and two counts of Assault with a Dangerous Weapon. Doc. 1. The charges arose after incidents on December 17, 2021 and December 11, 2022, in which Mr. Zuniefeathers allegedly assaulted two individuals. Doc. 15 at 2.

In 2017, prior to Mr. Zuniefeathers' indictment in the instant case, he pled guilty to Involuntary Manslaughter, for which this Court sentenced him to 30 months of custody with three years of supervised release. *See* Doc. 45, *United States v. Zuniefeathers* (No. 16-CR-2010). In the time since Mr. Zuniefeathers' release in that case, he has incurred multiple supervised release revocations (including in May 2020, January 2021, July 2022, and February 2023). Docs. 63, 82, 125, 156, *United States v. Zuniefeathers* (No. 16-CR-2010). Relevant here, the Petitions for

Revocation that initiated the 2022 and 2023 revocations were based, in part, on the same actions underlying the instant charges against Mr. Zuniefeathers. Specifically, the 2022 revocation arose after a Petition alleged that Mr. Zuniefeathers failed to report a change in his employment, tested positive for methamphetamine, and was charged by the Zuni Police Department in connection with the alleged assault on December 17, 2021. Doc. 103, *United States v. Zuniefeathers* (No. 16-CR-2010). The February 2023 revocation arose after a Petition alleged that he failed to reside at a Probation-approved residence, failed to attend treatment, and was charged by the Zuni Police Department in connection with the alleged assault on December 11, 2022. Doc. 145, *United States v. Zuniefeathers* (No. 16-CR-2010). Notably, however, Mr. Zuniefeathers did not admit to—and the Court did not find him guilty of—committing either of the alleged new crimes during his revocation hearings. Docs. 125, 156, *United States v. Zuniefeathers* (No. 16-CR-2010).

On March 19, 2023, the defense filed the instant Motion to Dismiss, asserting that—based on the 2022 and 2023 revocations in Case No. 16-CR-2010—the indictment in the instant case violates the Double Jeopardy Clause of the Fifth Amendment. *See generally* Doc. 15. Specifically, the defense contends that the statutory maximum sentence in the instant case (120 months per count) exceeds the statutory maximum sentence for Mr. Zuniefeather's 2016 conviction (96 months), thus violating double jeopardy principles. *Id.* at 4. In response, the government asserts that (1) penalties for supervised release violations correspond to the underlying conviction (and not to future prosecutions) and (2) the prior revocations were not based on the conduct underlying the instant case. *See generally* Doc. 20. The defense filed a reply, reiterating its position that the punishment in this case exceeds the maximum statutory penalty for the 2016 conviction in contravention of the Double Jeopardy Clause. *See generally* Doc. 22.

## DISCUSSION

It is well established that courts "attribute postrevocation penalties to the original conviction." *Johnson v. United States*, 529 U.S. 694, 700 (2000).  In *Johnson*, the United States Supreme Court recognized that because supervised release violations "may be the basis for separate prosecution," double jeopardy issues would arise "if the revocation of supervised release were also punishment for the same offense." *Id.*  The Court explained, however, that "[t]reating postrevocation sanctions as part of the penalty for the initial offense . . . avoids these difficulties," and determined that supervised release revocations relate back to the conviction underlying the term of supervised release. *Id.*

In the time since *Johnson*, the Tenth Circuit has repeatedly recognized that "incarceration resulting from a probation revocation is punishment for the original offense" that "is imposed as a consequence of the defendant's breach of probation terms but is not punishment for the breach." *United States v. Dozier*, 555 F.3d 1136, 1140 (10th Cir. 2009); *see also United States v. Shakespeare*, 32 F.4th 1228, 1230 (10th Cir. 2022) ("the Court has explicitly held that revocation proceedings are part of the punishment for the initial offense, not a new prosecution." (citing *Johnson*, 529 U.S. at 700–01)).  As the Tenth Circuit has explained, conviction of a new criminal charge and a supervised release revocation are distinct in that while "the violative conduct resulting in a revocation may be criminal, it need only be established by a judge by a preponderance of evidence, instead of by a jury beyond a reasonable doubt." *United States v. Collins*, 859 F.3d 1207, 1216 (10th Cir. 2017).  Because of the different standards of proof, "[r]evocation hearings . . . lack the same Sixth Amendment protections accorded a defendant who is the subject of a criminal prosecution, even though the underlying violative conduct may be criminal in nature." *Id.*

Thus, under well-established Supreme Court precedent, the fact that the same conduct precipitated revocations of Mr. Zuniefeathers' supervised release for his 2016 conviction *and* the instant case does not implicate double jeopardy concerns, as his revocations on the 2016 case relate back to his underlying Involuntary Manslaughter conviction—and not to the three counts of assault now pending against him.[1]

The defense's arguments to the contrary are unavailing.  In support of its double jeopardy claim, the defense cites to *United States v. Haymond*, 139 S. Ct. 2369 (2019), for the proposition that a supervised release violation can implicate constitutional protections where the punishment exceeds the maximum statutory penalty for the original conviction.  Doc. 22 at 2.  However *Haymond*—which addressed a provision of 18 U.S.C. § 3583 not relevant here—cannot support the defense.  In *Haymond*, the United States Supreme Court struck down 18 U.S.C. § 3583(k) as unconstitutional, because it imposed a mandatory minimum sentence of at least five years for a supervised release violation, thus—in the plurality's view—increasing a person's exposure to punishment without the benefit of a jury.  In contrast to *Haymond*, which involved § 3583(k), this Court sentenced Mr. Zuniefeathers for his supervised release violations within the ranges authorized under 18 U.S.C. § 3583(e), which does not impose a mandatory custodial sentence.  Put differently, *Haymond* involved a different statutory provision (§ 3583(k)) and centered upon a

---

[1] The Court also emphasizes that while the Petitions that prompted the two most recent revocations on Mr. Zuniefeathers' 2016 conviction mentioned the fact that he was facing criminal charges for the same conduct underlying the instant case as *possible grounds* for revocation [Docs. 103, 145, *United States v. Zuniefeathers* (No. 16-CR-2010)], the actual Judgements for those revocations found that he had *not* violated the condition requiring that he not commit a crime [Docs. 125, 156, *United States v. Zuniefeathers* (No. 16-CR-2010)].  Instead, the 2022 revocation rested on his failure to maintain employment and his use of a controlled substance [Doc. 125, *United States v. Zuniefeathers* (No. 16-CR-2010)], and the 2023 revocation rested on his failure to live in a place approved by Probation and participate in outpatient treatment [Doc. 156, *United States v. Zuniefeathers* (No. 16-CR-2010)].  Thus, Mr. Zuniefeathers' revocations in the 2016 case and the charges in the instant case are *not* based on the same conduct.

person's constitutional right to have a jury decide issues that increase the potential range of punishment—an issue not implicated in Mr. Zuniefeathers' case. Here, where § 3583(k) is not involved, there is no corollary concern: there is no risk that Mr. Zuniefeathers will be exposed to an increased penalty for his 2016 conviction, for which he would be entitled to a jury.[2]

The defense's reliance on *United States v. Wilson*, 939 F.3d 929 (8th Cir. 2019) is likewise unpersuasive. While, as here, *Wilson* involved a supervised release revocation and new criminal charges for the same conduct, critically, that underlying conduct involved possession of a firearm. 939 F.3d at 930. Because the conduct for which Mr. Wilson was punished involved a firearm, it implicated 18 U.S.C. § 3583(g), which requires a court to revoke supervised release and impose a term of imprisonment where an individual possessed a firearm. In contrast, neither Mr. Zuniefeathers' revocations on the 2016 case nor the instant case involve firearm charges.

In holding that Mr. Wilson's revocation and conviction for the same underlying conduct (firearm possession) did not violate the Double Jeopardy Clause, the Eighth Circuit in *Wilson* noted that—in contrast to *Haymond*—Mr. Wilson did not face exposure to "a term of imprisonment that exceeds the statutory maximum term of imprisonment the jury has authorized for the original crime of conviction." *Id.* at 933 (quoting *Haymond*, 139 S. Ct. at 2384)). This was because § 3583(e) limits the extent of punishment under § 3583(g)—the relevant provision in *Wilson*. *Id.* Illustrating its point that the risks present in *Haymond* were absent in Mr. Wilson's case, the Eighth Circuit noted that Mr. Wilson—who was sentenced to 87 months for the underlying conviction and 18

---

[2] Likewise, Justice Breyer's concurrence in *Haymond*, to which the defense cites, does not support Mr. Zuniefeathers' double jeopardy claim. In his *Haymond* concurrence, Justice Breyer explained that he would hold § 3583(k) unconstitutional because the section resulted in punishment that extended beyond the confines of the underlying conviction. 139 S. Ct. at 2386 (Breyer, J., concurring). The concurrence thus affirms the notion that supervised release revocations relate back to the underlying conviction—and do not raise double jeopardy concerns. And because § 3583(k) is not at issue here, the concurrence, like the plurality opinion, is not applicable.

months for his supervised release violation—faced a total custodial sentence of 105 months, which was less than the statutorily authorized 120-month sentence. *Id.*

    *Wilson*, too, is outside the bounds of the instant case because it centered upon § 3583(g), which is not implicated here. However, the defense's arguments defy even the logic of *Wilson*. The defense alleges that because Mr. Zuniefeathers faces a maximum statutory sentence of 120 months on each of the three assault charges in the instant case (for a potential maximum sentence of 360 months), his sentence on the 2016 case will exceed that case's statutory maximum of 96 months. Doc. 15 at 4. The argument does not carry water. In *Wilson*, the court noted that there was no risk of exceeding the underlying conviction's statutory maximum where the initial sentence (87 months) combined with the revocation sentence (18 months) did not exceed the statutory maximum (120 months). 939 F.3d at 933. Here, the defense seeks to import the statutory maximums[3] for the *instant case* to determine Mr. Zuniefeathers' total sentence for the *2016 conviction*. In reality, the total custodial time Mr. Zuniefeathers will serve on his 2016 conviction is well under the statutory maximum of 96 months: the Court sentenced him to 30 months for the underlying conviction and 23 total months for subsequent supervised release revocations—generating a total of 53 months. The defense's effort to apply Mr. Zuniefeathers' *potential* sentence in the instant case to his total custodial sentence for the 2016 conviction has no grounding in *Wilson* or any other case law of which the Court is aware.

## CONCLUSION

    For the reasons set forth above, Mr. Zuniefeathers' Motion to Dismiss [Doc. 15] is **DENIED**.

---

[3] The defense assumes—without explanation—that if convicted, the Court would sentence Mr. Zuniefeathers to the statutory maximum on at least one count.

Dated this 13th day of July 2023.

MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE